IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| James H. Lear,<br><br>                Plaintiff,<br>v.<br><br>McLane Company,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND<br><br>Case No. 2:17-cv-1062 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff James Lear *pro se*, seeks to amend his Complaint and to add Arturo Ruiz who allegedly was hired by Defendant as a shuttle-only driver like Mr. Lear.[1] As set forth below the court will deny the motion.

## BACKGROUND

Plaintiff was hired by Defendant as a shuttle driver in August 2013.[2] Mr. Lear thought this employment would entail hours of service between 45-55 hours per week with time at home each day for adequate sleep and "family time."[3] Plaintiff alleges, however, that he was eventually asked to make different delivery runs outside of what was expected, had to greatly exceed the targeted hours of service and was forced via re-routing to engage in non-shuttle driver operations. For example, some of the proposed new delivery packages exceeded 70 on-duty hours per week and several proposed loads exceeded 1000 miles.[4] Finally, in September 2017, Mr. Lear was "constructively discharged."[5]

---

[1] Docket no. 12.

[2] Complaint ¶12.

[3] *Id.* ¶10.

[4] *Id.* p. 5.

[5] Motion p. 2.

DISCUSSION

Mr. Lear seeks to add a claim for "Negligence in Complying with the FMCSR" (federal motor carrier safety regulations) and a claim for disability discrimination.[6] Plaintiff also seeks to join Aruro Ruiz under Rule 20. According to Mr. Lear, Mr. Ruiz was also hired by Defendant as a shuttle only driver and was "constructively discharged" because he could not perform regular delivery runs.

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[7] "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[8] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9] "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile"[10]

Here, Plaintiff's proposed claim for injury under the FMCSR is futile because courts have found that plaintiffs do not have a private right of action under the FMCSR.[11] Thus, the court need not allow leave to amend for that claim.

---

[6] *See* proposed Amended Complaint attached to Plaintiff's motion.

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[9] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[10] *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

[11] *See, e.g., Drake v. Old Dominion Fright Line, Inc.*, 2016 WL 1328941 *4 (D.Kan. April 5, 2016 ("Plaintiff cannot bring a private cause of action under the MCA or FMCSR."); *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 836980, at *11 (D.N.M. Feb. 16, 2016) (analyzing case law that supports no private right of action in the FMCSR); *Stewart v. Mitchell Transp.*, 241 F.Supp.2d 1216, 1219 (D. Kan. 2002) (rejecting "Plaintiffs claim that they have a private right of action under 49 U.S.C. § 14704(a)(2), which is part of the Motor Carrier Act."); *Schramm v. Foster*, 341 F.Supp.2d 536, 540 ((D. Md. 2004) (listing cases that found no private right of action in the FMCSR).

The new claim for disability discrimination is informative in nature stating that contemporaneous with this action "Plaintiffs are filing a disability discrimination claim with the Utah Antidiscrimination and Labor Division … with notice to the local federal office of the EEOC."[12] Even in construing this claim broadly as the court is to do for *pro se* parties,[13] it fails to provide sufficient facts "on which a recognized legal claim could be based."[14] The court will not permit this amendment.

Rule 20 provides in relevant part that: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."[15]

Mr. Lear argues Mr. Ruiz should be allowed to join this case because he shares the same claims due to the same actions by Defendant. Further, allowing Mr. Ruiz to join is in the best interests of judicial economy and Mr. Lear is not representing Mr. Ruiz who will also be prosecuting this matter *pro se*. The court is not convinced by Plaintiff's arguments. While there appears to be some overlap in the experiences of Mr. Lear and Mr. Ruiz, there is not enough to meet the standards of the first requirement of Rule 20. Mr. Lear and Mr. Ruiz were not working closely together on a daily basis, nor is there evidence in the record that their experiences arise out of the "same transaction, occurrence, or series of transactions or occurrences."[16] Rather as

---

[12] Proposed amended complaint p. 15.

[13] *See Koetting v. Noble Cty. Bd. of Cty. Comm'rs*, 12 F.App'x 796, 798 (10th Cir. 2001) (noting that although a *pro se* complaint must be construed liberally this "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[14] *Hall*, 935 F.2d at 1110.

[15] Fed. R. Civ. P. 20.

[16] *Id.*

Plaintiff himself notes, Mr. Lear and Mr. Ruiz "lack the means to engage legal counsel on their behalf" and hope together to find legal counsel.[17] This sounds more like a pooling arrangement between two *pro se* parties rather than circumstances fitting within the standards of Rule 20.

In addition, the allegations in the proposed Amended Complaint do not provide specificity as to the alleged misconduct toward Mr. Ruiz. Instead, they chiefly address Mr. Lear's allegations and only briefly mention Mr. Ruiz. In reading the proposed Amended Complaint it appears that Mr. Ruiz is almost an afterthought with his name being inserted intermittently in a vailed attempt to make him part of this action. Such a "shotgun" approach to pleadings has been severely criticized.[18]

ORDER

Because Mr. Lear's proposed amendment is futile and fails to meet the standards set forth in Rule 20, the court DENIES the Motion to Amend.

DATED this 20 February 2018.

Brooke C. Wells
United States Magistrate Judge

---

[17] Response p. 7, docket no. 14.

[18] *Jones v. Lehmkuhl*, 2013 WL 6728951, *24 (D. Colo. Dec. 20, 2013) (noting that "[s]hotgun pleadings impede the administration of the district courts' civil dockets in countless ways" and condemning such a practice); *Cook v. Baca*, 2011 WL 13157059, *3 (D.N.M. July 8, 2011) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *MacArthur v. San Juan Cty*., 391 F. Supp. 2d 895, 1053 (D. Utah 2005) aff'd in part, vacated in part, rev'd in part, 497 F.3d 1057, 2007 WL 2045456 (10th Cir. 2007) (noting the difficulty with the chaotic record and shotgun pleadings)